IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
LOMA LINDA UNIVERSITY            )
MEDICAL CENTER                   )
11234 Anderson Street            )
Loma Linda, CA 92354             )
                                 )
Plaintiff,                       )
                                 )
                                 )
v.                               )     Civil Action No. ____
                                 )
                                 )
MICHAEL O. LEAVITT, IN HIS       )
OFFICIAL CAPACITY AS SECRETARY   )
OF HEALTH AND HUMAN SERVICES     )
200 Independence Avenue, S.W.    )
Washington, D.C. 20201           )
                                 )
Defendant,                       )
_____ )

### COMPLAINT FOR JUDICIAL REVIEW OF FINAL ADVERSE AGENCY DECISION ON MEDICARE REIMBURSEMENT

### I. JURISDICTION AND VENUE

1. This is a civil action brought to obtain judicial review of a final decision rendered by the Administrator, Centers for Medicare and Medicaid Services, acting as a component of the United States Department of Health And Human Services ("HHS").

2. This action arises under Title XVIII of the Social Security Act, as amended (42 U.SC. §1395 et. seq.), hereinafter referred to as the "Medicare Act" or the "Act."

3. This Court has jurisdiction under 42 U.S.C. §1395oo(f). Venue lies in this judicial district pursuant to 42 U.S.C. §1395oo(f). This Court has authority to grant the relief requested under 42 U.S.C. §1395oo(f).

4. Plaintiff has exhausted all administrative remedies under federal law.

## II. PARTIES

5. The Plaintiff is Loma Linda University Medical Center ("LLUMC"). LLUMC is a non-profit facility, which operates a hospital-based renal dialysis facility located in Loma Linda, California.

6. At all times relevant hereto, Plaintiff has been certified as a provider of services under the federal Medicare program.

7. Defendant, Michael O. Leavitt, Secretary of the Department of Health and Human Services ("Secretary"), or his predecessors in office, is the federal officer responsible for the administration of the Medicare program. Defendant Leavitt is sued in his official capacity.

## III. BACKGROUND

8. Title XVIII of the Social Security Act, Pub. L. No. 89-97, 79 Stat. 291, as amended by 42 U.S.C. §§1395 et. seq. ("the Medicare

program"), establishes a program of medical benefits for persons age 65 or older, and also for persons under age 65 who are disabled. Medicare also covers individuals who have not reached age 65 who are suffering from "end-stage renal disease" ("ESRD").

9. Kidney dialysis is a life saving treatment for persons with end-stage renal disease. Dialysis treatments are covered by Medicare in various settings: hospital inpatient, hospital outpatient, independent renal dialysis facility, or the patient's home. Generally however, these treatments are performed on an outpatient basis.

10. All ESRD facilities, whether hospital-based or free-standing, are paid by Medicare on the basis of prospective reimbursement. Each facility receives a payment rate per treatment that is adjusted to account for geographic differences in the costs of labor. A facility may seek an exception to its payment rate if the facility's outpatient maintenance dialysis treatments involve atypically intense dialysis services. The criteria for atypical patient mix are further defined in 42 CFR § 413.180 et. seq.

11. Facilities seeking exceptions must submit their requests to fiscal intermediaries, which acts as the agent of the Secretary for purposes of processing said requests. The Intermediary makes a preliminary

recommendation as to whether such request should be granted, and forwards the request, along with the preliminary recommendation, to the Center for Medicare and Medicaid Services ("CMS"). <u>See</u> Provider Reimbursement Manual ("PRM") §2723. CMS then makes the determination as to whether such request should be approved or denied, and send a copy of that determination to the Intermediary. <u>See</u> PRM §2724. The Intermediary then notifies the facility as to the determination rendered by CMS.

12. Pursuant to 42 U.S.C. §1395rr(b)(7), an application for an exception "*shall be deemed to be approved unless the Secretary disapproves it by not later than 60 working days after the date the application is filed.*"

13. Denials of requests for exceptions to the composite payment rate may be appealed to the Provider Reimbursement Review Board ("PRRB") if the amount in controversy involves at least $10,000. The PRRB is the entity designated by Section 1878 of the Social Security Act to hear appeals from providers who are dissatisfied with a determination of the Secretary. 42 U.S.C. §1395oo.

14. In the case of an appeal to the PRRB concerning a payment exception request denial, the Board may review whether the denial was

appropriate under the existing rules. A request for review by the PRRB must be filed within 180 days of the date of the decision on which review is sought.

15. Decisions of the Board are subject to review by the Administrator. The Administrator's decision constitutes final agency action which is subject to judicial review under 42 U.S.C. §1395oo(f).

## IV.  FACTS RELATING TO PLAINTIFF

16. Plaintiff submitted an exception request to the prospective payment rate for dialysis services to United Government Services, LLC ("Intermediary") on August 28, 2000.

17. The Plaintiff sought an additional $243.02 for each outpatient hemodialysis treatment. Had the exception request been approved, the amount paid by the Secretary for each outpatient hemodialysis treatment would have been $381.10.

18. Plaintiff's request was based upon atypical service intensity, and the resulting additional costs.

19. Plaintiff claim of atypical service intensity with respect to its hemodialysis patients was justified by the following:  52.86% were diabetic, compared to a national average of 34.44%. Further, 81.43% were hypertensive, compared to a national average of 24.76%.

Further, 34.01% were over the age of 64, compared to a national average of 28.88%. Further, 17.69% were below the age of 20, compared to a national average of 0.31%. Further, transplant patients equaled 8.57%, compared to a national average of 3.43%.

20. By letter dated September 18, 2000 to CMS, the Intermediary recommended partial approval of the exception in advising that the following rates should be paid to Plaintiff: $225.40 for outpatient hemodialysis (or an increase in the amount of $87.32).

21. By letter dated November 15, 2000, CMS advised the Intermediary that it had decided to deny the exception request in its entirety. CMS asserted that Plaintiff failed to satisfy all of the criteria for an atypical services exception under 42 C.F.R §413.180 et. seq.

22. The CMS letter dated November 15, 2000 was not sent to the Intermediary until after the expiration of the 60 working day prescribed by 42 U.S.C. §1395rr(b)(7).

23. CMS maintains a log reflecting the date upon which significant actions occur in connection with the processing of renal dialysis exception requests.

24. By letter dated December 11, 2000, the Intermediary advised Plaintiff that CMS had denied the exception request.

25. On April 16, 2001, Plaintiff timely filed an appeal to the Provider Reimbursement Review Board ("PRRB").

26. A hearing was conducted before the Provider Reimbursement Review Board on June 10, 2004.

27. On September 19, 2005, the PRRB issued a subpoena duces tecum to the Intermediary requesting the envelope containing the CMS November 15, 2000 letter, as well as any other evidence substantiating the exact date on which such letter was mailed by CMS to the Intermediary. On October 4, 2005, the Intermediary responded that it was unable to find the November 15, 2005 letter. The Intermediary was unable to provide any other evidence substantiating the date upon which the denial letter was mailed by CMS to the Intermediary.

28. On July 27, 2006, the PRRB issued a decision granting Plaintiff's appeal. See PRRB Decision No. 2006-D39. The PRRB held that the CMS determination was sent to the Intermediary after the 60 working day limit provided by 42 U.S.C. §1395rr(b)(7). The PRRB concluded that the exception request was automatically deemed approved based upon the failure to notify the Plaintiff of the denial within the 60 working day period. The PRRB further held that the issue of whether Plaintiff was entitled to additional reimbursement due to atypical

service intensity was moot, based upon its decision that the exception request was automatically deemed approved.

29. Decisions of the PRRB are reviewable by the Administrator of CMS ("Administrator") pursuant to 42 U.S.C. §1395oo(f).

30. On September 12, 2006, the Administrator reversed the determination of the PRRB. The Administrator held that the CMS November 15, 2000 disapproval of the exception request was made within 60 working days, and therefore satisfied the requirements of 42 U.S.C. §1395rr(b)(7).

31. Pursuant to 42 U.S.C. §1395oo, Providers may obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or of any reversal, affirmance, or modification by the Secretary is received.

## V. BASES FOR REVERSAL OF ADMINISTRATIVE DECISION

32. Based upon the record developed before the PRRB and the Administrator and applying the standards set forth in 5 U.S.C. § 706,

the Administrator's decision was unlawful and must be set aside for the following reasons:

33. Defendant incorrectly held that 42 U.S.C. §1395rr(b)(7) requires only that the exception request be denied with the 60 working day period without regard to when CMS provided notice of said denial to the Intermediary, and without regard to when the Intermediary provided notice of said denial to the Plaintiff.

34. Defendant failed to provide any findings of fact as to when it signed the denial, and when it communicated said denial to the Intermediary, in violation of the requirements of the Administrative Procedures Act ("APA"), 5 U.S.C. § 557(c).

35. Defendant failed to remand to the PRRB for a determination as to whether the exception request submitted by Plaintiff satisfied the criteria for an atypical services exception under 42 C.F.R §413.180 et. seq. This failure resulted in the premature and forced termination of Plaintiff's appeal without consideration of the merits thereof. Said action constituted a violation of the provisions of 42 U.S.C. §1395oo, the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 551 et. seq., and the Due Process clause of the United States Constitution.

WHEREFORE, Plaintiff prays for judgment as follows:

a. For an order reversing the Defendant's decision as being legally invalid and/or erroneous;

b. For an order that the amount requested in the exception application submitted by Plaintiff was automatically approved due to the failure of CMS to provide notification of its denial within 60 working days as required by 42 U.S.C. §1395rr(b)(7).

c. For an order that Defendant Secretary make all payments owing to Plaintiff by reason of the Court's order within ninety (90) days of entry of the Court's order;

d. In the alternative, for an order remanding to the PRRB for a determination as to whether Plaintiff is entitled to an exception based on atypical service intensity under the provisions of 42 C.F.R §413.180 et. seq.

e. For interest pursuant to 42 U.S.C. §1395oo(f)(2) or other applicable authority, and Plaintiff's costs and reasonable attorney's fees;

f. For such other and further relief as the Court deems appropriate.

Dated: November 13, 2006

        Respectfully submitted,


        _____
        Jeffrey A. Lovitky
        Attorney at Law
        D.C. Bar Number 404834
        1735 New York Avenue, N.W.
        Suite 500
        Washington D.C. 20036
        (202) 429-3393
        ATTORNEY FOR PLAINTIFF

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

## DEFENDANTS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1  U.S. Government Plaintiff
- 2  U.S. Government Defendant
- 3  Federal Question (U.S. Government Not a Party)
- 4  Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### A. *Antitrust*

410 Antitrust

### B. *Personal Injury/Malpractice*

310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Medical Malpractice
365 Product Liability
368 Asbestos Product Liability

### C. *Administrative Agency Review*

151 Medicare Act

**Social Security:**
861 HIA ((1395ff)
862 Black Lung (923)
863 DIWC/DIWW (405(g)
864 SSID Title XVI
865 RSI (405(g)
**Other Statutes**
891 Agricultural Acts
892 Economic Stabilization Act
893 Environmental Matters
894 Energy Allocation Act
890 Other Statutory Actions (If Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. *General Civil (Other)*  OR  F. *Pro Se General Civil*

**Real Property**
210 Land Condemnation
220 Foreclosure
230 Rent, Lease & Ejectment
240 Torts to Land
245 Tort Product Liability
290 All Other Real Property

**Personal Property**
370 Other Fraud
371 Truth in Lending
380 Other Personal Property Damage
385 Property Damage Product Liability

**Bankruptcy**
422 Appeal 28 USC 158
423 Withdrawal 28 USC 157

**Prisoner Petitions**
535 Death Penalty
540 Mandamus & Other
550 Civil Rights
555 Prison Condition

**Property Rights**
820 Copyrights
830 Patent
840 Trademark

**Federal Tax Suits**
870 Taxes (US plaintiff or defendant
871 IRS-Third Party 26 USC  7609

**Forfeiture/Penalty**
610 Agriculture
620 Other Food &Drug
625 Drug Related Seizure of Property 21 USC 881
630 Liquor Laws
640 RR & Truck
650 Airline Regs
660 Occupational Safety/Health
690 Other

**Other Statutes**
400 State Reapportionment
430 Banks & Banking
450 Commerce/ICC Rates/etc.
460 Deportation

470 Racketeer Influenced & Corrupt Organizations
480 Consumer Credit
490 Cable/Satellite TV
810 Selective Service
850 Securities/Commodities/ Exchange
875 Customer Challenge 12 USC 3410
900 Appeal of fee determination under equal access to Justice
950 Constitutionality of State Statutes
890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255*  | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| 530 Habeas Corpus-General<br>510 Motion/Vacate Sentence | 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | 895 Freedom of Information Act<br>890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| 710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt. Reporting & Disclosure Act<br>740 Labor Railway Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | 441 Voting (if not Voting Rights Act)<br>443 Housing/Accommodations<br>444 Welfare<br>440 Other Civil Rights<br>445 American w/Disabilities-Employment<br>446 Americans w/Disabilities-Other | 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholder's Suits<br>190 Other Contracts<br>195 Contract Product Liability<br>196 Franchise | 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

1 Original Proceeding  2 Removed from State Court  3 Remanded from Appellate Court  4 Reinstated or Reopened  5 Transferred from another district (specify)  6 Multi district Litigation  7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    **DEMAND $**    **JURY DEMAND:**    Check YES only if demanded in complaint    **YES**    **NO**

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    **YES**    **NO**    If yes, please complete related case form.

**DATE**    **SIGNATURE OF ATTORNEY OF RECORD**

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

   IV.  CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

   VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.